```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
UNITED STATES OF AMERICA
                                            :
         - v. -                                  PRELIMINARY ORDER OF
                                            :    FORFEITURE AS TO SPECIFIC
                                                 PROPERTY/MONEY JUDGMENT
                                            :
ADEDAYO ILORI,
                                            :    S1 21 Cr. 746 (MKV)
         Defendant.
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/23

WHEREAS, on or about June 22, 2022, ADEDAYO ILORI (the "Defendant"), was charged in a six-count Superseding Indictment, S1 21 Cr. 746 (MKV) (the "Indictment"), with major fraud against the United States, in violation of Title 18, United States Code, Sections 1031, 2, and 3147 (Count One); conspiracy to commit wire and bank fraud, in violation of Title 18, United States Code, Sections 1349 and 3147 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343, 2, and 3147 (Count Three); bank fraud, in violation of Title 18, United States Code, Sections 1344, 2, and 3147 (Count Four); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), (b)&(c)(4)-(5), 2, and 3147 (Count Five); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) and 3147 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to Counts Two through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, constituting or derived from proceeds obtained, directly or indirectly, as a result of the commission of the offenses charged in Counts Two through Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two through Four of the Indictment, and the following specific property:

      a) The Coinbase Account associated with User ID 5ff910782e96e80ef6f7c88c (the "Coinbase Account");

      b) The Robinhood Markets Inc. account 698867512 (the "Robinhood" Account); and

      c) The Charles Schwab One Account 8743-4844 (the "Schwab Account");

(a. through c., collectively, the "Specific Property");

WHEREAS, the Indictment included a second forfeiture allegation as to Count Six of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property involved in the offense charged in Count Six of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Six of the Indictment, and the Specific Property;

WHEREAS, on or about November 1, 2022, the Defendant was found guilty, following a jury trial, of Counts One through Six of the Indictment;

WHEREAS, the Government asserts that $1,039,424 in United States currency represents all property, constituting or derived from proceeds traceable to the commission of the offenses charged in Counts Two through Four of the Indictment that the Defendant personally obtained, and property involved in the offense charged in Count Six of the Indictment, or any property traceable to such property;

WHEREAS, the Government seeks a money judgment in the amount of $1,039,424 in United States currency, representing the proceeds traceable to the commission of the offenses charged in Counts Two through Four of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Six of the Indictment;

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, which constitutes proceeds traceable to the offenses charged in Counts Two though Four of the Indictment that the Defendant personally obtained, and property involved in Count Six of the Indictment;

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count Two through Four of the Indictment that the Defendant personally obtained and the property involved in Count Six of the Indictment, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts Two through Four and Six of the Indictment, to which the Defendant was found guilty following a jury trial, a money judgment in the amount of $1,039,424 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts Two through Four of the Indictment that the Defendant personally obtained, and the property involved in Count Six of the Indictment, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts Two through Four and Six of the Indictment, to which the Defendant was found guilty following a jury trial, all of the

Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant ADEDAYO ILORI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally

published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as the Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
October 23 , 2023

SO ORDERED:

_____
HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE